THE LAW OFFICES OF AVRUM J. ROSEN, PLLC
Fred S. Kantrow, Esq.
38 New Street
Huntington, New York 11743
Phone: (631) 423-8527
Fax: (631) 423-4536

*Attorneys for Allan B. Mendelsohn, Esq., as Chapter 7 Trustee*

-and-

SILLS CUMMIS & GROSS P.C.
Andrew H. Sherman
Lucas F. Hammonds
30 Rockefeller Plaza
New York, New York 10112
Phone: (212) 643-7000
Fax: (212) 643-6500

*Attorneys for 40 CPS Associates, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> MAJESTIC SPORTS INC., <br><br>         Debtor. | Chapter 7 <br><br> Case No. 12-70640-REG |
| In re: <br><br> MMR VENTURES, LLC, <br><br>         Debtor | Chapter 7 <br><br> Case No. 12-71614-REG |

**STIPULATION AND CONSENT ORDER BY AND BETWEEN ALLAN B. MENDELSOHN, ESQ., AS CHAPTER 7 TRUSTEE AND 40 CPS ASSOCIATES, LLC**

Allan B. Mendelsohn, Esq., as Chapter 7 Trustee (the "Trustee") of the Estates of

Majestic Sports Inc. ("Majestic") and MMR Ventures, LLC ("MMR," and together with

Majestic, the "Debtors"), by and through his attorneys, the Law Offices of Avrum J. Rosen,

PLLC, and 40 CPS Associates, LLC ("40 CPS"), by and through its attorneys, Sills Cummis & Gross P.C., respectively, hereby enter into this stipulation and consent to the entry of this order (the "Stipulation and Consent Order") to resolve the Motion of 40 CPS Associates, LLC to Compel Payment of Administrative Expense (the "Motion") with respect to 40 CPS's claims based on the Trustee's use and occupancy after conversion of the Debtor's bankruptcy cases to cases under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") of certain property leased from 40 CPS.  The parties hereby stipulate and agree as follows:

**WHEREAS**, on February 7, 2012, Majestic filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating its bankruptcy case (Case No. 12-70640-REG (the "Majestic Case"));

**WHEREAS**, on March 19, 2012, MMR filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating its bankruptcy case (Case No. 12-71614-REG (the "MMR Case," and together with the Majestic Case, the "Cases"));

**WHEREAS**, at the time of and subsequent to the Debtors' bankruptcy filings, the Debtors occupied certain premises located at 40 Central Park South and 41 West 58th Street (the "Leased Premises") pursuant to a written lease between 40 CPS, as successor in interest to 40 Central Park South, Incorporated, and Majestic, as successor in interest to Liederman/Lowy Ventures, Inc., dated August 1, 1987 (as amended, the "Lease");

**WHEREAS**, on June 4, 2012, the Cases were converted to cases under Chapter 7 of the Bankruptcy Code and Allan B. Mendelsohn, Esq. was appointed as Chapter 7 Trustee;

**WHEREAS**, the Trustee occupied the Leased Premises from the date of conversion of the Cases and the Trustee's appointment;

**WHEREAS**, the Trustee surrendered the Leased Premises on June 28, 2012;

**WHEREAS**, on September 4, 2012, 40 CPS filed the Motion in both Cases, seeking,

among other things, immediate payment of an administrative expense in the amount of the prorated rent under the Lease for the period of the Trustee's use and occupancy of the Leased Premises from June 4, 2012 through June 28, 2012 (the "Trustee Occupancy Period"); and

**WHEREAS**, as a result of good faith, arm's length negotiations, the parties have agreed to resolve the portion of the Motion pertaining to the Trustee Occupancy Period according to the terms and conditions set forth in this Stipulation and Consent Order;

**NOW, THEREFORE**, for good and valuable consideration, including the provisions and mutual covenants of this Stipulation and Consent Order, the sufficiency of which is hereby acknowledged, the parties expressly stipulate and agree as follows:

1. <u>Preservation of Claims by 40 CPS</u>:  All claims by 40 CPS against the Debtors and their estates, except those claims described in paragraph 3 below, are expressly preserved.  The preserved claims include, but are not limited to, (i) all general unsecured claims of 40 CPS, including any claims for pre-petition amounts owed under the Lease or damages arising from the rejection of the Lease; (ii) all post-petition claims of 40 CPS relating to the period prior to the conversion of the Cases to cases under Chapter 7 of the Bankruptcy Code, including any claims entitled to administrative priority under 11 U.S.C. § 503(b) for such period and any claims for amounts owed under the Lease pursuant to 11 U.S.C. § 365(d)(3) for such period; and (iii) all secured claim of 40 CPS, including any claims secured by a security deposit under the Lease. All rights and defenses of the parties to this Stipulation and Consent Order with respect to the preserved claims are expressly preserved.

2. <u>Adjournment of Hearing on Motion</u>:  The Motion shall be adjourned without prejudice with respect to all claims except those described in paragraph 3 below until December 5, 2012 at 9:30 a.m.

3. <u>Wavier and Release by 40 CPS</u>:  40 CPS, for itself and its respective predecessors, successors, assigns, and agents, waives and releases any claims for amounts owed by the Trustee for his use and occupancy of the Leased Premises during the Trustee Occupancy Period.

4. <u>Waiver and Release by the Trustee</u>:  The Trustee, for himself and his respective predecessors, successors, assigns, and agents, waives and releases any and all claims against 40 CPS, including but not limited to (i) any and all claims under Chapter 5 of the Bankruptcy Code and (ii) any and all claims under any state statute pertaining to the recovery of fraudulent transfers, including Article 10 of the NY Code.

5. <u>Fees</u>:  Each party shall bear its own legal fees and expenses with respect to this Stipulation and Consent Order and matters related thereto.

6. <u>Entire Agreement</u>:  This Stipulation and Consent Order is the entire agreement between the parties with respect to the subject matter hereof.  This Stipulation and Consent Order may be executed in as many counterparts as may be required, which counterparts may be delivered by facsimile or electronic mail, and it shall not be necessary that the signature of or on behalf of each party appear on each counterpart; but it shall be sufficient that the signature of or on behalf of each party, or the signatures of the persons required to bind each party, appear on one or more such counterparts.  All such counterparts when taken together shall constitute a single and legally binding agreement.

7. <u>Authorization</u>:  Each person who executes this Stipulation and Consent Order represents that he or she is duly authorized to execute this Stipulation and Consent Order on behalf of his or her respective party and that such party has full knowledge of and has consented to this Stipulation and Consent Order voluntarily and without duress.

8. <u>Binding Effect</u>:  This Stipulation and Consent Order is binding upon and inures to the benefit of the parties and their respective predecessors, successors, and assigns.

9. <u>Modification</u>:  This Stipulation and Consent Order may not be modified, altered, amended, or vacated without the prior written consent of all parties hereto.

10. <u>Jurisdiction</u>:  The United States Bankruptcy Court for the Eastern District of New York retains jurisdiction over any and all disputes arising out of or relating to this Stipulation and Consent Order.

Stipulated and agreed to by:

Dated: October 22, 2012    **THE LAW OFFICES OF AVRUM J. ROSEN, PLLC**
*Attorneys for Allan B. Mendelsohn, Esq., as Chapter 7 Trustee*

By: /s/ Fred S. Kantrow
Fred S. Kantrow, Esq.
38 New Street
Huntington, New York 11743
Phone: (631) 423-8527

Dated: November 2, 2012    **SILLS CUMMIS & GROSS P.C.**
*Attorneys for 40 CPS Associates, LLC*

By: /s/ Lucas F. Hammonds
Lucas F. Hammonds, Esq.
30 Rockefeller Plaza
New York, NY 10112
Phone: (212)-643-7000

**SO ORDERED**

Dated: Central Islip, New York
November 7, 2012

Robert E. Grossman
United States Bankruptcy Judge

5